# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| JOHN L. CROSBY, INC. | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-1243 |
| SCOTTSDALE INSURANCE COMPANY | SECTION: "C" (4) |

## ORDER AND REASONS[1]

This matter is before the Court on the issue of its subject matter jurisdiction. The Court previously ordered that the parties submit memoranda on the issue of amount in controversy at the time of filing. Rec. Doc. 5, Rec. Doc. 7. Both parties submitted memoranda on June 15, 2009 arguing that the jurisdictional minimum was satisfied. Rec. Doc. 8, Rec. Doc. 9. Having considered the record, the memoranda, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

## I. BACKGROUND

The plaintiff homeowner originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of *Acevedo v. AAA Ins.*, Civil Action No. 07-5199, to recover payment for property damage under his insurance policy with Scottsdale Insurance Company ("Scottsdale"). Rec. Doc. 1. The case was consolidated with the *In Re Katrina Canal Breaches Consolidated Litigation*, 495 F.3d 191 (5th Cir. 2007). Magistrate Judge Wilkinson issued an

---

[1] Anna Elsohn, a second year student at Loyola University New Orleans College of Law assisted in the preparation of this opinion.

order requiring the plaintiffs to each file an amended complaint asserting claims as to their respective property. The homeowner then filed an individualized amended complaint against Scottsdale. Rec. Doc. 1.

At the time of Hurricane Katrina, on August 29, 2005, homeowner John Crosby claims he was insured under a Scottsdale homeowners' insurance policy which provided coverage pursuant to its terms and conditions to his home located at 1018 Old Metairie Pl., Metairie, Louisiana 70005 in the Eastern District of Louisiana. *Id*. He claims his insurance policy was an "all risk" policy with limits of $125,000 for structure, $12,500 for other structures, and $12,500 for loss of rental income, though he did not provide a copy of his insurance policy. Rec. Doc. 8 at 1. The homeowner alleges that Hurricane Katrina caused damage to his property, including roof damage, damage to the interior, and damage to the contents of the home. Rec. Doc. 1 at 2. Plaintiff"s estimate of damages is $36,111 for structure and $2,230 for other structures, and $12,500 for loss of rental income (a total of $50,841.00), for which he did not provide any affirmative proof. Rec. Doc. 8 at 1. Plaintiff alleges he has received a total of $6,952 in payments from the defendant. *Id*. That amount includes $6,516 for structure and $436 for other structure. *Id*. He further alleges that the damage rendered the property uninhabitable for an extended period of time and that the damage was caused by wind and wind driven rain. Rec. Doc. 1 at 2. Additionally, plaintiff claims statutory penalties, interest, and attorney fees under La. R.S. 22:658 and La. R.S. 22:1220. Rec. Doc. 8 at 1. Plaintiff alleges that this Court has subject matter jurisdiction on the basis of diversity of citizenship.[2] Notably, no copy of a prerequisite proof of loss was provided as ordered.

---

[2]Plaintiff, John L. Crosby, Inc., is a Louisiana corporation. Rec. Doc. 1. Scottsdale is a citizen of either Ohio or Arizona. Rec. Doc. 9. The parties are therefore completely diverse for the purposes of diversity jurisdiction.

The defendant also submitted a memorandum addressing subject matter jurisdiction. Defendant points to plaintiff's policy limits of $125,000 for the dwelling, $12,500 for other structures, and $12,500 for fair rental value. Rec. Doc. 9 at 4. The defendant alleges it determined that the total amount of wind related damages to Plaintiff's property was $4,022.07 for the dwelling and other structures and $7,200 for loss of use. *Id*. Defendant states it has no knowledge of what amounts, if any, the plaintiff received under a flood insurance policy. *Id*. Defendant concluded that the amount in controversy exceeds the sum of $75,000. *Id*.

## II. LAW AND ANALYSIS

Under 28 U.S.C. §1332, federal district courts have original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–citizens of different states." Parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 858 (5th Cir. 1999). Rather, the court must independently determine whether or not it has jurisdiction over the parties and the subject matter of the dispute. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The party attempting to invoke jurisdiction must "allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 (1938)(*citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1983) (*cert. denied*, 459 U.S. 1107 (1983)). The courts have further instructed that a jurisdictional determination must be conducted in such a manner as to enable an appellate court to ascertain whether the evidence supports the ultimate finding. *Opelika Nursing Home, Inc. v.*

*Richardson*, 448 F.2d 658 (5th Cir. 1971).

Because the domicile of neither the plaintiff nor the defendant is disputed, and the parties are completely diverse for the purposes of diversity jurisdiction, the sole issue in this case is whether there is, in fact, over $75,000 in controversy. The majority of Fifth Circuit cases concerning amounts in controversy deal with cases that were removed from state to federal court. The Fifth Circuit has, however, applied the same principles and procedures to matters over which the federal court has original jurisdiction. *See St. Paul Reinsurance Co., Inc. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998) (dealing with an action for declaratory judgment).

In cases that are removed from state court to federal court, the removing party must be able to show by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). *See also Luckett*, 171 F.3d 295 (5th Cir. 1999). The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the *facts* in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original). In *Allen*, the court explained that if this "facially apparent" test has not been met, the court may instead require that the parties show "summary judgment-type evidence" regarding the amount in controversy. *Id*. The burden of proving that the minimum jurisdictional amount has been satisfied is on the party invoking the court's jurisdiction. *St. Paul Mercury Indemnity Co.*, 303 U.S. 283. *See also McNutt*, 298 U.S. 178. In this case, therefore, that burden falls on the plaintiff.

Furthermore, in cases concerning insurance policies, the relevant inquiry to determine the

4

amount in controversy is the damage to the property at the time the initial complaint is filed, not the insurance policy limits or the value of the property. *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908 (5th Cir. 2002). Accordingly, in this case the plaintiff's damage estimate, and not the policy limits, controls. Parties would need to provide evidence implicating the limits of the policy, damage assessments, or repair estimates. *Fernandez v. Allstate Ins. Co.*, 2008 WL 314405 (E.D.La. 2008).

In his memorandum addressing subject matter jurisdiction, plaintiff mentions his policy limits: $125,000 for structure, $12,500 for other structures, and $12,500 for loss of rental income. Rec. Doc. 8 at 1. Though both parties stated the same policy limits, neither party submitted a copy of Plaintiff's insurance policy. Plaintiff also pointed to his own estimate of damages–$36,111 for structure, $2,230 for other structures, and $12,500 for loss of rental income–a total of $50,841, for which he did not provide any affirmative proof. *Id*. Without affirmative proof of the damages Plaintiff claims his property sustained, it is impossible to determine how much remains in controversy. Additionally, as Plaintiff claims Defendant has already paid him a total of $6,952, there would be only $43,889 remaining in controversy between the parties, less than the required minimum of $75,000. Again, no copy of a proof of loss was provided as ordered.

The Plaintiff further alleges that this Court has subject matter jurisdiction over this matter because he had the benefit of *Sher v. Lafayette Insurance Co.*, 978 So.2d 39 (la. App. 4 Circ. 2007), at the time of the initial filing of this lawsuit, which is the time at which the jurisdictional

5

amount is to be determined.[3] In that case, the Louisiana Fourth Circuit Court of Appeals allowed flood damages to be claimed under insurance policies that were written ambiguously. Even if the plaintiff may claim flood damages to satisfy the amount in controversy, the plaintiff has not provided this Court with any proof demonstrating that his estimate should control because he has no provided any documentation of the damages he claims his property sustained.

Finally, Plaintiff claims he may be entitled to potential statutory damages, penalties, and attorneys fees under La. R.S. 22:658 and La. R.S. 22:1220. Rec. Doc. 1 at 3. Simply stating that he may be entitled to penalties is not enough. Plaintiff would have needed to present actual facts indicating the propriety of such penalties and indicating why he is actually entitled to those penalties. *Thompson v. Allstate Ins. Co.*, 2007 WL 763219 (E.D.La. March 18, 2007). The statutes cited by the plaintiff spell out the insurer's duty of good faith and fair dealing as well as the insurer's affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims. La. R.S. 22:658 and La. R.S. 22:1220. They also require findings of fact. *Id*. Neither party has provided facts relevant to the allocation of penalties. In *St. Paul Reinsurance Co., Ltd.*, the Fifth Circuit held that a statutory penalty that required no adjudication could be used to establish threshold jurisdiction, but they did not hold that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. The plaintiff may be entitled to penalties, but the Louisiana statutes detail six specific actions that constitute a "breach," and the "breach" must be demonstrated with actual evidence. The plaintiff has not provided evidence demonstrating the "arbitrary and capricious"

---

[3]*Sher v. Lafayette Ins. Co.* has since been reversed in part. *Sher v. Lafayette Ins. Co.*, 988 So.2d 186, 2007-2441 (La. 4/8/08). On appeal, the Louisiana Supreme Court further defined the word "flood" and held that "water that flowed through levees broken by Hurricane Katrina was 'flood' within the meaning of flood exclusion." *Id*. They also held that the "statutory amendment increasing penalties... could not be applied retroactively." *Id*.

nature of the defendants' acts.

Neither party has demonstrated that the amount in controversy exceeds the required minimum of $75,000, therefore this Court does not have subject matter jurisdiction over this action.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that plaintiff's complaint is hereby DISMISSED for lack of subject matter jurisdiction under 28 U.S.C. §1332.

New Orleans, Louisiana this 2nd day of July, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**